## Case No. 505.

### In re ARCHENBROWN.

[12 N. B. R. (1875,) 17; 7 Chi. Leg. News, 231.]

District Court, E. D. Michigan.

BANKRUPTCY—DISCHARGE—"PROPER BOOKS OF ACCOUNT"—EVIDENCE.

[1. A merchant tailor, for several months before his bankruptcy, kept no account of his business done for cash, and his previous accounts consisted of a running memorandum of work done, without showing whether for cash or credit, nor whether cash received or cash paid out was on account or otherwise. Part of his accounts with customers were marked "settled," without showing how, and he discontinued his account with his creditors for more than a year before his bankruptcy. Held, that his discharge must be refused for failing to keep "proper books of account."]

[Cited in Re Antisdel, Case No. 490; Re Blumenthal, Id. 1,575; Re Vernia, 5 Fed. 725; Re Graves, 24 Fed. 554; Re Frey, 9 Fed. 384.]

[2. The fact that a bankrupt did not keep "proper books of account," without reference to his intent or harmless results to creditors, will prevent his discharge.]

[Cited in Re Graves, 24 Fed. 554.]

[In bankruptcy. Petition by William Archenbrown for a discharge. Refused. For prior opinions, see In re Archenbrown, Case No. 503, and In re Archenbrown, Id. 504.]

Mr. Burt, for opposing creditor.

Mr. Dewey, for bankrupt.

LONGYEAR, District Judge. The first specification is for omitting the opposing creditor's name from the schedule of creditors, and not for willfully swearing falsely to the schedule. In this it is fatally defective, but even if it had been properly framed, it was clearly not sustained by proofs. For both reasons, therefore, it is overruled without further comment. The second and only other specification is for not keeping proper books of account, the bankrupt having been a merchant or tradesman. The object of the requirement of the act (section 29) that merchants and tradesmen shall have kept proper books of account in order to be entitled to a discharge in case of bankruptcy, is that the debtor himself, or his creditors, might at any time ascertain his financial condition from an examination of his books; and in case of bankruptcy to insure the entire appropriation of the debtor's property, not exempt, to the payment of his debts, and to enable the assignee to accomplish that end, and to assist him in the administration of the estate. The test as to whether the books which were kept, when, as in this case, some books were kept, were "proper" books of account, within the meaning of the act, is, whether a competent accountant could, from the books themselves, ascertain the debtor's financial condition. If that can be done, then the form in which they were kept is of no importance. In re Hammond, [Case No. 5,999;] In re Bellis, [Id.

1,275;] In re Solomon, [Id. 13,167;] In re Gay, [Id. 5,279;] In re Schumpert, [Id. 12,491;] In re Garrison, [Id. 5,254;] In re Bartenbach, [Id. 1,068.]

Archenbrown was a merchant tailor, and did work and sold goods both on credit and for cash. So far as the books kept by him of work done and goods sold on credit, I do not see as there is any just cause of complaint, although the accounts were kept in a loose and rather informal manner. For several months before his bankruptcy he kept no account of his business done for cash, and the account he kept previously is very unsatisfactory and quite unintelligible. It seems to have been a sort of running memorandum of work done, without any distinction as to whether it was for cash or on credit, and the item of cash received and cash paid out is often without any indication as to whether it was on account or how otherwise; and his accounts with his customers where a balance appears against them upon his books are very often marked "settled," without saying how, whether by note, cash, or barter. For a time he seems to have kept an account with his creditors—those of whom he purchased stock, but even this seems to have been discontinued for more than a year before his bankruptcy. Without going further into details, it must suffice to say that his books do not come anywhere near to what would be the lowest degree of the list above laid down. I am satisfied from the proofs that Archenbrown had no intent, in his failure to keep proper books of account, to defraud his creditors. Neither does it appear that any fraud upon or loss to creditors has resulted from it; but these elements do not enter into the calculation. The fact that he did not keep proper books of accounts is made by the act a cause for refusing to discharge, without any reference to the intent or the result. I am therefore constrained, however reluctantly, to refuse his petition for a discharge. In addition to the cases already cited, see In re Littlefield, [Case No. 8,398;] In re White, [Id. 17,532;] In re Newman, [Id. 10,175;] In re Burgess, [Id. 2,153.] Discharge refused.